ELMER E. BLANCHARD v. NEWARK JOINT DISTRICT COUNCIL OF THE UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA ET AL.

Submitted November 3, 1908—Decided February 23, 1909.

Plaintiff was a member of a trade union from which he was suspended and a fine imposed of $100 by a local council of the organization. He refused to pay the fine, and the defendants, members of the local council, thereupon induced his employers to discharge him, to recover damages for which plaintiff brought suit against them. During the pendency of this suit plaintiff appealed, from the order suspending and fining him, to the national association of the order, by which tribunal the order was revoked and plaintiff restored to his membership. *Held*, that the taking of the appeal from the order did not amount to a waiver by the plaintiff of his right to damages resulting from the illegal acts of the defendants in procuring his discharge from employment.

On appeal from the Second District Court of the city of Newark.

Before Justices REED, BERGEN and MINTURN.

For the plaintiff, *Newton P. Kinsey.*

For the defendants, *Beecher & Baylor.*

The opinion of the court was delivered by

BERGEN, J. The plaintiff was a member of the Newark District Council of the United Brotherhood of Carpenters and Joiners of America. While working for V. J. Hedden & Sons, he was discharged because, as alleged, the defendants threatened to prevent all members of the order from working for his employers unless he was dismissed. This suit was brought for damages arising from such discharge, and resulted in a verdict for plaintiff, to review which this appeal was taken.

The case shows that plaintiff was suspended as a member of the order and fined $100 by the district council, which plaintiff refused to pay, claiming that the fine was not imposed according to the laws of the order, whereupon the defendants notified V. J. Hedden & Sons that, unless they discharged plaintiff, all the members of the order would refuse to work for the firm, and to avoid the loss of such labor, and for no other reason, Hedden & Sons discharged the plaintiff. Subsequently plaintiff paid the fine and appealed to a superior tribunal in the order, and was allowed to resume work.

On his appeal plaintiff was sustained, reinstated in the order, and the district council required to refund the fine illegally exacted. The case discloses that plaintiff was illegally required to pay $100, and upon refusal deprived of employment by the acts of the defendants. This creates a right of action under *Brennan* v. *United Hatters,* 44 *Vroom* 729.

The appellants, the defendants below, urged several points in support of their appeal.

*First.* That the conduct of the defendants in inducing the discharge of the plaintiff by Hedden & Sons was within their legal rights. The argument on this point is that Hedden & Sons had no contract with plaintiff, and therefore might discharge him without cause. This does not meet the point which is that plaintiff was deprived of employment because of unlawful threats made to Hedden & Sons, which influenced them to discharge him, and that this would not have happened except for defendants' conduct.

*Second.* That defendants did not request the discharge of plaintiff. On this point it is sufficient to say that what they did amounted to such a request, and was accompanied with a threat if not complied with.

*Third.* That the court was without jurisdiction to retain the case when motion for nonsuit was made, because the plaintiff had taken an appeal from the order of suspension and the imposition of the fine, from which it is argued he had submitted to the jurisdiction of the order. Taking an appeal from an order relating to the discipline of such an association does not amount to a waiver of damages resulting from the illegal act

of the defendants in procuring the discharge of the plaintiff in order to enforce the act appealed from.

*Fourth.* That there was error in admitting in evidence a printed copy of the trade rules of the order. The secretary of the association had been subpœnaed to produce the minutes showing the by-laws of the association; this he did not do, but produced a printed book which he said was a copy of the by-laws printed by the defendants for the use of its members. Whether competent or not, its admission did not harm defendants, because the illegality of the proceedings suspending and imposing the fine which the by-laws were offered to prove, had been decided in plaintiff's favor by a proper tribunal, and the plaintiff reinstated in the order and the fine returned to him.

*Fifth.* That the nonsuit should have been granted because of failure to offer in evidence the constitution of the national organization. This was not relevant to the issue being tried.

*Sixth.* That two letters were improperly admitted. One of these letters was written by the president of the national association, and the other by the general secretary of the association, each containing a notice to the district council of the disposition made of plaintiff's appeal. They were produced by the defendants on notice, and were competent.

The remaining points relate to admission of testimony, which we do not find to be erroneous.

The judgment below is affirmed.